IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMIGRANT BANK FINE ART FINANCE, LLC and EMIGRANTA CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>RIVER NORTH COLLECTIONS, LLC, ROGER L. WESTON, BOUGAINVILLEA CAPITAL, LLC, KATHLEEN M. CORONA, GREATBANC, INC., and LEVENFELD PEARLSTEIN,<br><br>Defendants. | Case No. 18 C 383 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Emigrant Bank Fine Art Finance, LLC and Emigranta Corp. sued a number of individuals and organizations in connection with a $5 million loan made to River North Collections, LLC and Roger L. Weston. In count 7 of their third amended complaint, the plaintiffs allege that the law firm Levenfeld Pearlstein engaged in negligent misrepresentation by falsely telling them that it represented River North and Weston. Levenfeld has moved to dismiss count 7 for failure to state a claim.

In reviewing the motion to dismiss, the Court "take[s] the plaintiffs' factual allegations as true and give[s] them the benefit of all reasonable inferences." *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The Court may look beyond the face of the complaint to "consider documents incorporated by reference in the pleadings." *Id.*

### A. Negligent misrepresentation claim

The plaintiffs base their claim of negligent representation on an October 2014 letter from Levenfeld to Emigrant Bank, which plaintiffs attached to their third amended complaint,. In the letter, Levenfeld offers opinions regarding the validity and enforceability of certain loan and trust documents related to Emigrant's loan to Weston and River North. The alleged misrepresentation appears in the letter's first sentence: "We have acted as general counsel to Weston and River North . . . in connection with the loan . . . secured by the Works." Letter from Levenfeld Pearlstein to Emigrant Bank (Oct. 3, 2014), dkt. no. 163–5, at 1. The plaintiffs allege that this statement was false because Weston and River North "assert that they never retained Levenfeld in connection with any contemplated line of credit from Emigrant or the Loan, and that they never authorized Levenfeld to perform any services in relation thereto." Third Am. Compl., dkt. no. 163, ¶ 95.

Levenfeld argues that these allegations do not state a claim for fraudulent misrepresentation. At the outset, the Court notes that a significant portion of Levenfeld's motion appears to concern ostensible misrepresentations entirely separate from the one that the plaintiffs identify. For example, Levenfeld argues that it offered no opinion about whether the loan documents bore genuine signatures. But the relevant question is whether Levenfeld engaged in fraudulent misrepresentation by claiming that it had acted as general counsel to Weston and River North. The Court will thus consider Levenfeld's arguments to the extent that they relate to this allegation.

Levenfeld first contends that the plaintiffs have not alleged a negligent misrepresentation because the firm's statement in the opinion letter—that it was acting

2

as general counsel to Weston and River North—is consistent with the allegation that Weston and River North never authorized them to do so. Setting aside whether it is in fact possible to "act as general counsel" for someone without having his permission to do so, the plaintiffs need not allege that the terms of Levenfeld's statement were literally false. Rather, Illinois law recognizes liability for tacit misrepresentations based on the defendant's conduct. *See, e.g.*, *Glazewski v. Coronet Ins. Co.*, 108 Ill. 2d 243, 250, 483 N.E.2d 1263, 1266 (1985) ("A representation may be made by words, or by actions or other conduct amounting to a statement of fact."). It is reasonable to infer that by stating that it was acting as the attorney for Weston and River North, Levenfeld implicitly represented that it had been authorized to do so. Indeed, the contrary interpretation—that it was acting without its ostensible clients' authority—would make little sense in the context of an opinion letter in which Levenfeld summarized work it said it had undertaken for the benefit of Weston and River North.

Next, Levenfeld points to other statements in the letter setting out its assumptions as evidence that it limited its duties to the plaintiffs. For example, Levenfeld wrote that it assumed for the purposes of its analysis that "[e]ach of the parties to the Loan Documents . . . has duly and validly executed and delivered each such instrument." Dkt. no. 163–5, at 2. Levenfeld contends that its statement that it assumed (i.e., without independently investigating) that the borrowers authorized the loan documents prevents it from being liable for negligent misrepresentation. It relies on *Geaslen v. Berkson, Gorov & Levin, Ltd.*, 220 Ill. App. 3d 600, 581 N.E.2d 138 (1991), in which the Illinois Appellate Court noted that an attorney who issues an opinion letter to a non-client owes a duty of care only with respect "to the matters

3

expressed in that letter." *Id.* at 610, 581 N.E.2d at 145. But this principle does not support dismissal of count 7 because the alleged misrepresentation—that Levenfeld represented Weston and River North—was clearly stated in the letter and not limited by caveats or disclaimers. Whether Levenfeld may have limited its liability with respect to other possible misrepresentations is immaterial to the motion to dismiss.

Levenfeld also argues that the caveats in its opinion preclude the plaintiffs from showing that they were harmed by the alleged misrepresentation. But the question of whether the plaintiffs will be able to prove that they justifiably relied on the alleged misrepresentation would require the Court to compare the plaintiffs' evidence to the language of these disclaimers. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (noting that to determine whether the plaintiff's reliance was justified, "we must consider all of the facts that [the plaintiff] knew, as well as those facts [it] could have learned through the exercise of ordinary prudence"). Because Levenfeld's argument depends on the consideration of evidence outside the complaint that is not yet before the Court, neither dismissal under Rule 12(b)(6) nor conversion to a motion for summary judgment is permitted. *See Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018) ("Treating a motion to dismiss as a motion for summary judgment without giving the non-moving party notice of the conversion and an opportunity to respond with evidentiary material would pose a problem that could require a remand.").

**B.     Statute of limitations**

Levenfeld also argues that the plaintiffs' claim is barred under the statute of limitations. The parties appear to agree that the claim in count 7 is subject to a two-year

4

limitations period. See 735 Ill. Comp. Stat. 5/13–214.3(b). Because the statute of limitations is an affirmative defense, it can provide a basis for dismissal under Rule 12(b)(6) only "if the complaint contains everything necessary to establish that the claim is untimely." Collins v. Village of Palatine, 875 F.3d 839, 842 (7th Cir. 2017).

Levenfeld contends that certain allegations in the complaint establish that the plaintiffs knew or reasonably should have known that they were injured and that their injury was wrongfully caused as early as October 2016, more than two years before they added their claim against Levenfeld. Specifically, it points to the plaintiffs' allegations concerning an incident in which their representative learned that Weston and River North were unable to produce several items for inspection. The plaintiffs allege that those items were unavailable because they had been moved to another location in violation of a term in the loan agreement. Levenfeld contends that this incident put the plaintiffs on notice of a wrongful injury and thus started the limitations period.

Levenfeld's argument is unpersuasive. The allegations concerning the events in 2016 do not conclusively establish that the plaintiffs knew or should have known about Levenfeld's alleged misrepresentation. Levenfeld cites Nolan v. Johns-Manville Asbestos, 85 Ill. 2d 161, 421 N.E.2d 864 (1981), in which the Illinois Supreme Court explained that the limitations period begins to run "when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused." Id. at 171, 421 N.E.2d at 868. But the events of October 2016 (as described in the third amended complaint) do not establish that the plaintiffs did know or should have known that Levenfeld's claim that it represented Weston and River North was false. The possibility that the plaintiffs knew that they were wrongfully injured by the borrowers'

contractual breach does not constitute notice of wrongdoing by Levenfeld. *See Knox Coll. v. Celotex Corp.*, 88 Ill. 2d 407, 416, 430 N.E.2d 976, 980–81 (1981) (explaining that the limitations period begins running when "the injured person becomes possessed of sufficient information concerning his injury *and its cause* to put a reasonable person on inquiry to determine whether actionable conduct is involved" (emphasis added)). And whether the information known to the plaintiffs was sufficient to start the limitations period in 2016 is a question of fact that cannot be resolved from the complaint's allegations alone. *See id.*

Because it is not clear from the face of the complaint that the fraudulent misrepresentation claim is time-barred, the Court may not appropriately dismiss the case under Rule 12(b)(6).

## Conclusion

For the foregoing reasons, the Court denies defendant Levenfeld Pearlstein's motion to dismiss count 7 of the third amended complaint [dkt. no. 171].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 4, 2019